ARLENE GORDON-OLIVER & ASSOCIATES, PLLC
Proposed Attorneys for the Debtor
199 Main Street, Suite 203
White Plains, New York 10601
(914) 683-9750

Arlene Gordon-Oliver, Esq.

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
In re:                                                                    Chapter 11
                                                                                Case No. 16-22838
Paul I. Bennett,

                        Petitioner.

            Soc. Sec No. (xxx-xx-4623)
---------------------------------------------------------------X


# DECLARATION OF
# PURSUANT TO LOCAL BANKRUPTCY RULE 1007-2

Paul I. Bennett, hereby declares, pursuant to 28 U.S.C. §1746 as follows:

1.  I am the individual Chapter 11 debtor herein (the "Debtor"), and I submit this affidavit pursuant to Rule 1007-2 of the Local Rules for the United States Bankruptcy Court for the Southern District of New York.

**Local Rule 1007-2(a)(1)**

2.  I am an individual Debtor and I reside at 19 Dunderberg Road, Tompkins Cove, New York.

3.  I am engaged in the business of pastoring the Community Christian Church, Inc. church which is located at 64 North Main Street, Spring Valley, New York 10977. I am also a school teacher currently employed by the East Ramapo Central School District located at 105 South Madison Avenue, Spring Valley, New York 10977.

4. In addition to the foregoing, I also own jointly with my wife a rental property located at 37 Greenridge Way, New Hempstead, New York 10977, that was previously our home before we relocated to our Tompkins Cove residence.

5. I fell into my financial difficulties as a result of a lease that I guaranteed for my former church, the Family Christian Fellowship, Inc. On or about May 2009, my former church entered into a lease agreement with MBC Holding, LLC, ("MBC") with the Church as tenant and MBC as landlord. Unfortunately, the Church was a relatively new church in the area. However, based upon information that we received from the Landlord regarding the anticipated "foot traffic" that was expected to increase as a result of the newly constructed shopping center where the church was located, and based upon our projections as to the growth in membership of the church, we believed that the church would be able to make the rent payments. Unfortunately, our assumptions turned out to be inaccurate. In 2012, my former Church began having difficulties paying the rent that had escalated to $14,000 per month and later that year it defaulted in the rent payments. However, we continued to pay whatever we could on a monthly basis which was not enough to cover all of the rents due. We vacated the premises at the end of the lease term but still owed rent to the Landlord. As a result of same, on or about March 23, 2015, the Landlord commenced an action against my former church, myself and another member who had also personally guaranteed the Lease for recovery of the amounts due under the Lease that had not been paid and eventually obtained a judgment against us in the amount of $711,149.74. The Landlord's judgment ultimately resulted in a Sheriff's execution against the Church and myself. The Landlord levied on the Church assets and then commenced garnishment of my wages. As a result of the foregoing, I have found it difficult and almost impossible to keep current with my monthly obligations including the mortgage payment on my residence.

6. Therefore, I filed this chapter 11 case so that I can have the opportunity resolve the issues surrounding the Landlord's judgment and, to modify my mortgage and to pay my creditors through a plan of reorganization.

**Local Rule 1007-2(a)(2)**

7. This case was not originally commenced under Chapter 7 or 13 of the Bankruptcy Code.

**Local Rule 1007-2(a)(3)**

8. Upon information and belief, no committee was organized prior to the order for relief in this Chapter 11 case.

**Local Rule 1007-2(a)(4)**

9. A list of the names and addresses of the Debtor's 20 largest unsecured claims, excluding those who would not be entitled to vote at a creditors' meeting and creditors who are "insiders" as that term is defined in §101(31) of the Bankruptcy Code is being filed contemporaneously with this Affidavit.

**Local Rule 1007-2(a)(5)**

10. A list of the names and addresses of the five largest secured creditors is being filed contemporaneously with this Affidavit.

**Local Rule 1007-2(a)(6)**

11. A summary of the Debtor's assets and liabilities is being filed contemporaneously with this Affidavit as part of my Schedules of Assets and Liabilities.

**Local Rule 1007-2(a)(7)**

12. I am individual debtor, accordingly, Local Rule 1007-2(a)(7) is not applicable.

**Local Rule 1007-2(a)(8)**

13. None of my properties are in the possession of any custodian, public officer, mortgagee, pledge, assignee of rents, or secured creditor, or any agent for such entity.

**Local Rule 1007-2(a)(9)**

14. I do not have any premises owned, leased, or held under any other arrangement from which we operate my affairs.

**Local Rule 1007-2(a)(10)**

15. My books and records are located at my residence.

**Local Rule 1007-2(a)(11)**

16. The following actions or proceedings are pending against Debtor:

MBC Holdings, LLC v. Family Christian Fellowship, Inc.,
Paul I. Bennett and Paul Wade
Supreme Court of the State of New York
County of Rockland
Index No. 031175/2015

**Local Rule 1007-2(a)(12)**

17. I am an individual debtor and, accordingly, Local Rule 1007-2(a)(7) is not applicable.

**CONCLUSION**

Pursuant to 28 U.S.C. §1746, I declare under the penalty of perjury that the foregoing is true and correct.

/s/Paul I. Bennett
Paul I. Bennett

Sworn To Before Me This
21th day of June 2016

/s/Arlene Gordon-Oliver
Arlene Gordon-Oliver
NOTARY PUBLIC-STATE OF NEW YORK
No. 02OL5056614
Qualified in Westchester County
Commission Expires May 1, 2018

4

## TWENTY LARGEST UNSECURED CREDITORS*

| **NAME** | **AMOUNT OWED** |
|---|---|
| Capital One<br>Po Box 30253<br>Salt Lake City, Ut 84130<br>Or Union Plus<br>PO Box 71104<br>Charlotte, N.Y 28272-1104 | $3,097 |
| Oral Pathology Lab<br>C/O I C System Inc.<br>Po Box 34378<br>Saint Paul, Mn 55164 | $317 |

\* List does not include insiders within the meaning of 11 U.S.C. Section 101(14)

**FIVE LARGEST SECURED CREDITORS**

| **NAME** | **AMOUNT OWED** |
|---|---|
| Citi Mortgage Inc.<br>Po Box 10002<br>Hagerstown, Md 21747 | $168,158.00 |
| TD Bank N.A.<br>PO Box 219<br>Operations Center<br>Lewiston, Me 04243 | $26,314.00 |
| Toyota Motor Credit<br>Credit Dispute Research Team<br>Po Box 9786<br>Cedar Rapids, Ia 52409 | $1,258 |
| MBC Holding LLLC<br>24 Holt Drive<br>Stony Point, NY 10980 | $711,000.00 |
| SLS<br>8742 Lucent Boulevard<br>Suite 300<br>Highlands Ranch, Co 80129 | $699,958.52 |