Douglas J. Pick, Esq.
Eric C. Zabicki, Esq.
**PICK & ZABICKI LLP**
Proposed Special Litigation Counsel to the Debtor
369 Lexington Avenue, 12ᵗʰ Floor
New York, New York 10017
(212) 695-6000

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
In re:                                                    Chapter 11
PAUL I. BENNETT,                                          Case No. 16-22838 (RDD)

                           Debtor.
------------------------------------------------------------x

## APPLICATION FOR AUTHORITY TO RETAIN PICK & ZABICKI LLP AS SPECIAL LITIGATION COUNSEL TO THE DEBTOR EFFECTIVE OCTOBER 6, 2016

TO THE HONORABLE ROBERT D. DRAIN
UNITED STATES BANKRUPTCY JUDGE:

Paul I Bennett, the debtor and debtor-in-possession herein (the "Debtor"), as and for his application (the "Application") for entry of an Order, pursuant to § 327(e) of title 11 of the United States Code (the "Bankruptcy Code") and Rules 2014 and 6003 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), authorizing the retention of the law firm Pick & Zabicki LLP ("P&Z") as his special litigation counsel, and effective as of October 6, 2016, in connection with the Non-Discharge Action (hereinafter defined) now pending before this Court, respectfully represents and alleges as follows:

### JURISDICTION AND VENUE

1.      This Court has jurisdiction over this case and the Application pursuant to 28 U.S.C. §§ 157 and 1334. Consideration of this Motion is a core proceeding pursuant to 28 U.S.C. § 157(b) and venue is proper before this Court pursuant to 28 U.S.C. § 1409. The

statutory predicates for the relief sought herein are § 327(e) of the Bankruptcy Code and Bankruptcy Rules 2014 and 6003.

## BACKGROUND

2.  The Debtor is a school teacher and church pastor. On June 21, 2016 (the "Petition Date"), the Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code with this Court and an Order for Relief was entered. The Debtor continues to manage his property and affairs as a debtor-in-possession. No committee or examiner has been appointed in this matter.

3.  The Debtor is represented by the law firm Arlene Gordon-Oliver & Associates, PLLCC ("AGO & Associates) as his general bankruptcy counsel.

4.  The primarily impetus for the Debtor's chapter 11 filing were certain aggressive enforcement efforts, including the garnishment of the Debtor's wages, undertaken by MBC Holding, LLC ("MBC") in connection with a substantial (*i.e.*, $711,149.74) money judgment obtained against the Debtor (among others) (the "Judgment") on account of his personal guaranty of his former's church's obligations under a real property lease with MBC.

5.  On September 12, 2016, MBC commenced an adversary proceeding against the Debtor in this Court titled *MBC Holdings, LLC v. Paul I. Bennett*, Adv. Proc. No. 16-08240 (RDD), objecting to the dischargeability of the Debtor's purported obligations to MBC under the Judgment and further seeking to deny the Debtor a general discharge (the "Non-Discharge Action"). A copy of MBC's complaint filed in the Non-Discharge Action, without the exhibits thereto, is attached as *Exhibit "B"*. Briefly, MBC attempts to assert an extensive and complex "Conspiracy to Commit Fraud" involving alleged misrepresentations, fraudulent transfers, and the like purportedly made by the Debtor.

## RETENTION OF P&Z

6. Given the complexity and scope of the allegations and claims asserted by MBH, the Debtor respectfully submits that he requires the services of special litigation counsel in connection with the Non-Discharge Action. After due deliberation, the Debtor has determined that his interests and those of his creditors would best be served by the retention of P&Z to serve in that capacity. The Debtor submits that P&Z possesses extensive knowledge and expertise in the areas of law relevant to the matters with regard to which P&Z is proposed to be retained and is well qualified to represent the Debtor therein.

7. P&Z has not acted as counsel to the Debtor except with regard to the Non-Discharge Action. As such, P&Z did not receive any sums from the Debtor prior to the Petition Date nor were any amounts owed by the Debtor to P&Z as of the Petition Date. Additionally, except as may be specifically set forth above in the annexed affidavit of Douglas J. Pick, Esq.: (a) P&Z is not connected with the Debtor, his creditors, other parties-in-interest or the Office of the United States Trustee; and (b) P&Z does not, by way of any direct or indirect relationship to, connection with or interest in the Debtor, hold or represent any interest materially adverse to the Debtor, his estate, or any class of creditors with respect to the matters upon which he is to be engaged. Accordingly, the Debtor believes that P&Z is a "disinterested person" within the meaning of §§ 101(14) and 327 of the Bankruptcy Code.

8. Because the full extent and nature of the legal services to be rendered are unknown at this time, the Debtor believes that the employment of P&Z under a general retainer (*i.e.*, professional fees billed at an hourly rate along with reimbursement of expenses incurred) is appropriate and is in the best interests of his estate. Any compensation requested by P&Z for professional services rendered to Debtor shall be based upon the time expended to render such services. P&Z's customary billing rates are currently $425.00 per hour for Douglas J. Pick,

$350.00 per hour for Eric C. Zabicki, and $125.00 per hour for para-professionals. P&Z submits that its hourly billing rates are commensurate with the experience and expertise of its attorneys and with the billing rates charged by other attorneys in the area for similar services. P&Z's billing rates may be subject to adjustment from time to time. In the event that the billing rates increase, P&Z will notify the Debtor, the Office of the United States Trustee and the Court of any increased rate. P&Z also intends to seek reimbursement of certain expenses that it may incur in connection with the Debtor's case including, but not limited to: photocopying; postage; hand-deliveries; facsimile transmissions; filing fees; appellate printing costs; and overnight mail deliveries.

9.   P&Z agrees to make appropriate applications to this Court for compensation and reimbursement of expenses as required by the Bankruptcy Code, the Bankruptcy Rules, the Local Bankruptcy Rules, the Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330 promulgated by the Executive Office for the United States Trustees and this Court's Administrative Order M - 447 titled Amended Guidelines for Fees and Disbursements for Professionals in Southern District of New York Bankruptcy Cases dated January 29, 2013.

10.  Due to the exigencies of this case, and in order to protect the interests of the Debtor, the Debtor requested that P&Z commence work immediately. P&Z began rendering services to the Debtor on October 6, 2016 and has continued to render services to the Debtor since that time. Accordingly, the Debtor requests that P&Z's retention be approved as of October 6, 2016. A proposed Order authorizing the Debtor's retention of P&Z is attached as Exhibit "A".

11.  P&Z received a $5,000.00 retainer payment from Scherrylann B. Bennett, the Debtor's wife, in connection with the legal services to be rendered by P&Z on behalf of the Debtor. Attached hereto is an affidavit from Ms. Bennett concerning the third-party retainer

payment consistent with *In re Lar Dan Enterprises, Inc.*, 221 B.R. 93 (Bankr. S.D.N.Y. 1998). Said retainer will be held by P&Z pending the entry of an Order approving P&Z's legal fees and expenses incurred.

12. Notice of this application has been given to the Office of the United States Trustee and the Debtor respectfully submits that such notice is sufficient.

**WHEREFORE**, the Debtor respectfully requests that an order be entered authorizing him to retain P&Z as his special litigation counsel in this proceeding, and granting such other and further relief as the Court deems just and proper.

Dated: New York, New York
November 11, 2016

By:    /s/ Paul I. Bennett
Paul I. Bennett, Debtor-In-Possession