Douglas J. Pick, Esq.
Eric C. Zabicki, Esq.
**PICK & ZABICKI LLP**
Special Litigation Counsel to the Debtor
369 Lexington Avenue, 12th Floor
New York, New York 10017
(212) 695-6000

Hearing Date: March 28, 2017
Time: 10:00 a.m.

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
In re:                                                                      Chapter 11
PAUL I. BENNETT,                                                Case No. 16-22838 (RDD)

                              Debtor.
------------------------------------------------------------x

## FIRST AND FINAL APPLICATION OF PICK & ZABICKI LLP FOR ALLOWANCE OF COMPENSATION FOR SERVICES RENDERED AND FOR REIMBURSEMENT OF EXPENSES INCURRED AS SPECIAL LITIGATION COUNSEL TO THE DEBTOR

TO THE HONORABLE ROBERT D. DRAIN,
UNITED STATES BANKRUPTCY JUDGE:

Pick & Zabicki LLP ("P&Z") respectfully submits this application (the "Application") in support of an Order, pursuant to §§105(a) and 330 of title 11 of the United States Code (the "Bankruptcy Code"), for a first and final allowance of compensation for services rendered and for reimbursement of expenses incurred as special litigation counsel to Paul I. Bennett, the debtor and debtor-in-possession herein (the "Debtor"), and represents and alleges as follows:

### INTRODUCTION

1.  The Debtor is a school teacher and church pastor. On June 21, 2016 (the "Petition Date"), the Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code with this Court and an Order for Relief was entered. The Debtor continues to manage his property and affairs as a debtor-in-possession. No committee or examiner has been appointed in this matter.

2.      The Debtor sought relief under chapter 11 primarily as a result of certain aggressive enforcement efforts, including the garnishment of the Debtor's wages, undertaken by MBC Holding, LLC ("MBC") in connection with a substantial (*i.e.*, $711,149.74) money judgment obtained against the Debtor (among others) (the "Judgment") on account of his personal guaranty of his former's church's obligations under a real property lease with MBC.

3.      On September 12, 2016, MBC commenced an adversary proceeding against the Debtor in this Court titled *MBC Holdings, LLC v. Paul I. Bennett*, Adv. Proc. No. 16-08240 (RDD), objecting to the dischargeability of the Debtor's purported obligations to MBC under the Judgment and further seeking to deny the Debtor a general discharge (the "Non-Discharge Action"). Briefly, MBC's complaint had attempted to assert an extensive and complex "Conspiracy to Commit Fraud" involving alleged misrepresentations, fraudulent transfers, and the like purportedly made by the Debtor.

4.      Upon the application of the Debtor, and by Order entered on December 5, 2016, a copy of which is attached hereto as *Exhibit "A"*, the Court authorized the Debtor's retention of P&Z as his special litigation counsel, pursuant to §327(a) of the Bankruptcy Code and effective as of October 6, 2016, in order to represent and defend the Debtor's interests in connection with the Non-Discharge Action.

5.      On January 17, 2017, a stipulation between the Debtor and MBC was filed pursuant to which the Non-Discharge Action was discontinued without prejudice.

## ALLOWANCES SOUGHT

6. By this Application, P&Z seeks: (i) a first and final allowance of compensation for professional services rendered by P&Z as special litigation counsel to the Debtor during the period October 6, 2016 through March 28, 2017 (the "Compensation Period") in the amount of $5,642.50 representing 14.0 hours in professional services (a blended hourly rate of $403.04)[1]; and (ii) reimbursement of actual and necessary expenses incurred by P&Z during the Compensation Period in the amount of $39.05, for an aggregate final award of $5,681.55.

7. P&Z is presently holding a retainer payment of $5,000.00 made by the Debtor's non-debtor spouse, Scherrylann B. Bennett in connection with the professional fees and expenses incurred by P&Z in connection with its representation of the Debtor herein during the Compensation Period. P&Z respectfully requests that it be permitted to apply said retainer against any compensation and/or expenses awarded.

## JURISDICTION AND VENUE

8. This Court has jurisdiction over this case and this Application pursuant to 28 U.S.C. §§157 and 1334. Venue of this case and this Application is proper in this district pursuant to 28 U.S.C. §§1408 and 1409. The statutory predicates for the relief sought herein are §§105(a) and 330 of the Bankruptcy Code and Rules 2002(a) and 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

---

[1] Included in this amount is one hour of professional time at Douglas J. Pick's hourly rate of $425.00 anticipated to be incurred in connection with attending the hearing on the Application which is presently scheduled to be held on March 28, 2017.

3

## LEGAL SERVICES RENDERED TO THE DEBTOR
## DURING THE COMPENSATION PERIOD

9. Respectfully, and as more fully discussed herein, P&Z vehemently represented the interests of the Debtor in connection with the Non-Discharge Action during the Compensation Period which served to benefit the Debtor and his estate. As such, the requested final allowance of compensation and reimbursement of expenses is appropriate.

10. All of the services for which compensation is sought herein were rendered for and on behalf of the Debtor, and not on behalf of any other entity. P&Z respectfully submits that the professional services rendered were necessary, appropriate and have contributed to the effective administration of the Debtor's chapter 11 case.

11. P&Z maintains written records of the time expended by its attorneys and paraprofessionals in the rendition of their services to the Debtor. Such time records are made contemporaneously with the rendering of services by the person rendering such services, and in the ordinary course of P&Z's practice. The records showing the name of the attorney or para-professional, the date on which the services were performed, the services rendered, the corresponding activity category, and the amount of time spent in performing the services during the Compensation Period are annexed as *Exhibit "B"*.

12. As set forth in the certification of Eric C. Zabicki, Esq. annexed hereto as *Exhibit '"C"*, P&Z believes that this Application is in compliance with the Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. §330 promulgated by the Executive Office for the United States Trustees and this Court's Administrative Order M-447 titled Amended Guidelines for Fees and Disbursements for Professionals in Southern District of New York Bankruptcy Cases dated January 29, 2013 (collectively, the "Guidelines").

13. Without limiting the detail given in *Exhibit "B"*, identified below is a sampling of a few of the numerous efforts put forth, and the results achieved, by P&Z on behalf of the Debtor during the Compensation Period.

(i) Litigation.

14. P&Z uses the activity category "Litigation" for services related to adversary proceedings and litigations to which the Debtor is a party, communications in connection therewith and related activities. As discussed above, P&Z was retained as special litigation counsel for the specific purpose of representing and defending the Debtor's interests (and, by extension, those of his estate), in connection with the Non-Discharge Action. In furtherance thereof, P&Z conferred with the Debtor and his general bankruptcy counsel in order to obtain the information needed to formulate the best strategy to address the allegations and claims asserted against the Debtor by MBC. Thereafter, P&Z researched, drafted and filed the Debtor's answer and affirmative defenses to MBC's complaint. Over the course of the ensuing weeks, P&Z communicated frequently with MBC's counsel as to certain deficiencies perceived by P&Z in connection with the relief sought by MBC. As a result of these efforts, MBC ultimately agreed to the discontinuance of the Non-Discharge Action in its entirety. In the interim, P&Z assisted the Debtor in addressing issues associated with a wage garnishment which had been executed by MBC prior to the Petition Date.

15. P&Z expended a total of 9.8 hours of professional time within this activity category for total fees of $4,037.50 (blended hourly rate of $411.99).

(ii)    Professional.

16. P&Z uses the activity category "Professional" for services related to professional employment issues such as the drafting and filing of applications for retention and compensation, communications in connection therewith and related activities. P&Z's work within this activity category during the Compensation Period consisted entirely of preparing the Debtor's application to retain P&Z as his special litigation bankruptcy counsel and this Application. P&Z made its best efforts to minimize the professional fees associated with these tasks.

17. P&Z expended 3.2 hours within this activity category during the Compensation Period for total fees of $1,180.00 (blended hourly rate of $368.75).

## COMPENSATION FOR SERVICES RENDERED

18. Pursuant to §330(a) of the Bankruptcy Code, the Court may award a professional "reasonable compensation for actual, necessary services rendered" by such professional and "reimbursement for actual, necessary expenses." 11 U.S.C. §330 (LexisNexis 2009). The factors to be considered in awarding attorneys' fees were enumerated in In re First Colonial Corporation of America, 544 F.2d 1291, 1298-99 (5th Cir.), *reh'g den.*, 547 F.2d 573, cert. den., Baddock v. American Benefit Life Insur. Co., 431 U.S. 904 (1977), as follows: (a) the time and labor required; (b) the novelty and difficulty of questions; (c) the skill requisite to perform the legal services properly; (d) the preclusion of other employment due to acceptance of the case; (e) the customary fee; (f) whether the fee is fixed or contingent; (g) time limitations imposed by the client or other circumstances; (h) the amount involved and the results obtained; (i) the experience, reputation and ability of the attorneys; (j) undesirability of the case; and (k) the nature and length of the professional relationship. The clear Congressional intent and policy expressed in this section is

16-22838-rdd    Doc 42    Filed 01/19/17    Entered 01/19/17 15:43:00    Main Document
Pg 7 of 9

to provide for adequate compensation in order to continue to attract qualified and competent practitioners to bankruptcy cases. Id. P&Z respectfully submits that consideration of these factors should result in the allowance of the full compensation requested.

19. P&Z is aware of the standards for professional compensation and the preparation of fee applications in this District. The following chart reflects the attorneys and para-professionals who have worked on this case, their date of admission to the bar (where applicable), the aggregate time expended by each, their hourly billing rate, and the value of the total time expended by each person during the Compensation Period:

| Attorney/Para-Professional | Year Admitted | Hourly Rate | Hours | Total Fees |
|---|---|---|---|---|
| Douglas J. Pick (DJP) | 1980 | $425.00 | 9.8 | $4,165.00 |
| Additional Time Anticipated to Be Expended at Hearing on Application: | | | 1.0 | $425.00 |
| Eric C. Zabicki (ECZ) | 2002 | $350.00 | 2.9 | $1,015.00 |
| Nilda Reyes (NR) | N/A | $125.00 | 0.3 | $37.50 |
| | | Totals | 14.0 | $5,642.50 |
| | | Blended Hourly Rate | | $403.04 |

20. All of the services for which compensation is sought herein were rendered for and on behalf of the Debtor, and not on behalf of any other person or entity. P&Z respectfully submits that the professional services rendered were necessary, appropriate and contributed to the effective administration of the Debtor's chapter 11 case. The professional services rendered by P&Z required a high degree of professional competence and expertise so that the issues requiring evaluation and action by the Debtor during the Compensation Period could be attended to with skill and dispatch. It is respectfully submitted that the services rendered to the Debtor were performed efficiently, effectively and economically, with good results.

21. In addition, P&Z incurred out-of-pocket expenses during the Compensation Period in rendering the professional services described above in the sum of $39.05 for which P&Z respectfully requests reimbursement in full as follows: (a) Photocopying - $13.80 (138 pages at $0.10 per page); (b) Postage - $19.25; and (c) Pacer - $6.00. None of these expenses reflect P&Z's overhead costs and all of the expenses were incurred exclusively in connection with this case. P&Z has endeavored to minimize these expenses to the fullest extent possible.

22. Finally, P&Z requests authorization to apply the third-party retainer balance totaling $5,000.00 against P&Z's legal fees and expenses as may be awarded by this Court.

## CONCLUSION

23. No arrangement has been made, directly or indirectly, and no understanding exists, for a division of compensation herein between P&Z and any other person, whether or not contrary to the provisions of the Bankruptcy Code, the Bankruptcy Rules, or any other provision of federal or state law.

**WHEREFORE,** P&Z respectfully requests that this Court enter an order:

(i) approving a first and final allowance of $5,642.50 for compensation for services rendered as special litigation counsel to the Debtor during the Compensation Period;

(ii) approving the reimbursement of P&Z's out-of-pocket expenses in the amount of $39.05 incurred during the Compensation Period;

(iii) granting P&Z an allowed administrative expense claim against the Debtor's estate on account of the compensation and reimbursement of expenses awarded herein; and

    (iv)  granting such other and further relief as this Court may deem just and proper.

Dated: New York, New York
   January 19, 2017

                    **PICK & ZABICKI LLP**
                    Special Litigation Counsel to the Debtor

              By: _____
                    Eric C. Zabicki, Esq.
                    369 Lexington Avenue, 12th Floor
                    New York, New York 10017
                    (212) 695-6000